U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 19 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ADANA MAYO, ET AL** | : | **DOCKET NO. 04-1014** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **RESEARCH ANALYSIS & MAINTENANCE, INC.** | : | **MAGISTRATE JUDGE WILSON** |

### MEMORANDUM RULING

Before the Court is "Defendant's Motion to Review Clerk's Taxation of Costs" (doc. #156) wherein the mover seeks a review of the Clerk's Taxation of costs in the above captioned matter. Plaintiffs oppose the review. Also before the Court is "Plaintiffs' Motion to Apportion Costs" (doc. #158) wherein the mover seeks to have the court apportion the costs equally among the plaintiffs. Defendant does not oppose this motion.

### PROCEDURAL HISTORY

A trial of this matter was held on September 11, 2006 and concluded on September 21, 2006. Defendant, Research Analysis & Maintenance, Inc. ("RAM") prevailed and a Judgment was rendered which ordered Plaintiffs to pay all costs of court as determined by the Clerk. RAM filed a bill of Costs, Plaintiffs filed their objections and the Clerk taxed the costs. Through its motion, RAM objects to the disallowance of certain costs as follows; (1) deposition costs of Adana Mayo, Regina Wade, Robert Harrelson, Arliss Garner, Eric Wade, Jonathan Moore and Bethany Waldron, and (2) copying costs for documents used at trial.

## LAW AND ANALYSIS

On a motion to review a determination of costs by the clerk of court, the district court is charged with making a *de novo* review of the action taken by the clerk.[1] 28 U.S.C. § 1920 sets forth the specific categories and types of costs which may be recovered such as deposition transcript costs and copying costs.

*Deposition costs*

In its taxation of costs, the Clerk's stated policy is that "[it] is the policy of this office to allow the costs of those deposition which are placed in evidence at trial in lieu of live testimony, those which are used for impeachment purposes, and those which are used in connection with a successful motion for summary judgment."[2]

RAM complains that the Clerk disallowed the deposition costs for two of the three plaintiffs – Adana Mayo and Regina Wade – and also the deposition costs of Robert Harrelson, Arliss Garner, Bethany Waldron and Eric Wade. RAM argues that Adana Mayo and Regina Wade's depositions were used at trial for impeachment purposes. Plaintiffs do not dispute that these depositions were used at trial for impeachment purposes.

RAM also complains that the Clerk disallowed the deposition costs for Robert Harrelson, Arliss Garner, Bethany Waldron and Eric Wade. RAM argues that it relied heavily on the depositions of Harrelson, Garner and Waldron in its successful summary judgment motions. RAM also argues that it used the deposition of Wade for impeachment at trial. RAM further argues that

---

[1] *In re Paoli R.R. Yard PCB Litigation,* 221 F.2d 449, 461 (3rd Cir. 2000).

[2] Doc. #155, p. 1, ¶ 2.

it confronted Moore with his deposition testimony during the trial.[3] Plaintiffs do not dispute the use of these depositions at trial for impeachment or for summary judgment purposes.

Because the Clerk's stated policy is to allow deposition costs for use at trial, for impeachment and for use in a successful summary judgment motion, and it is undisputed that these depositions were used for such purposes, it was error for the Clerk to disallow these costs. Accordingly, the deposition costs for Adana Mayo, Regina Wade, Robert Harrelson, Arliss Garner, Bethany Waldron and Eric Wade will be allowed.

*Copying costs*

In its taxation of costs, the Clerk's stated policy regarding copying costs is as follows:

> [i]t is the policy of this office to allow the copying costs of those documents which are placed in evidence at trial or those which were used for a successful motion for summary judgment or other evidence at trial or those which were used for a successful motion for summary judgment or other successful motion. Items which are obtained merely for the convenience of a party in preparing for trial are not taxable without pre-trial authorization from the trial court.[4]

RAM complains that certain costs were disallowed which the Clerk determined to be routine expenses. RAM argues that the identified copying costs relate to trial documents. The court has reviewed the itemized list of copying charges and concludes that such costs are routine expenses which were properly disallowed.

*Motion to apportion costs*

Counsel for Plaintiffs moves the Court to apportion the costs equally among the Plaintiffs

---

[3] The Court will not interpret RAM's "confronting Mr. Moore" as an impeachment. Hence, the costs for this deposition will not be allowed.

[4] Doc. #155, p. 3, ¶ 4.

citing *Maryland Casualty Co. v. Lab Discount Drug*.[5] RAM does not opposed this motion. Counsel also requests that the Court withhold costs from RAM for Adana Mayo's proportionate share. The Court finds justification for apportioning the costs equally, but not for withholding Adana Mayo's proportionate share.

## CONCLUSION

For the reasons set forth above, the motion to review the taxation of costs will be granted in part and denied in part. The motion to review the Clerk's taxation of costs will be granted to the extent that the Court will allow the deposition costs for Adana Mayo, Regina Wade, Bethany Waldron, Robert Harrelson, Arliss Garner and Eric Wade. Otherwise, the motion will be denied. The motion to apportion costs will be granted in part and denied in part. The motion to apportion costs will be granted to the extent that the costs shall be apportioned equally among the three (3) Plaintiffs; otherwise the motion is denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of June, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[5] 2007 U.S. Dist. LEXIS 11159 at *3 (S.D. Miss. 2007)(citing *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 469 (3rd Cir. 2000).